IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **VINCENT JONES, *et al.*,** | * | |
| **Plaintiffs,** | * | |
| v. | | **Case No.: GJH-16-0726** |
| | * | |
| **UNITED STATES OF AMERICA** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiffs Vincent Jones and Demetria Weir bring this *pro se* action against the U.S. Department of Housing and Urban Development ("HUD")[1] for a dispute relating to inoperable air conditioning ("A/C") units and water damage in a home sold to Mr. Jones. Now pending before the Court is the United States' Motion to Dismiss or in the Alternative for Summary Judgment, ECF No. 8. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Defendant's Motion to Dismiss is granted.

---

[1] Plaintiff initially filed suit against the U.S. Department of Housing and Urban Development. ECF No. 2. However, "the United States is the only proper party defendant to an FTCA suit," which as explained below, is applicable here. *Moyo v. United States*, No. CIV.A. ELH-12-1857, 2013 WL 762971, at *3 (D. Md. Feb. 26, 2013). The Federal Tort Claims Act provides that federal agencies, such as HUD, "are not amenable to suit under its provisions. The Act provides for liability against only the United States, and plaintiffs seeking relief under the Act may pursue it against that defendant alone." *Id.* (quoting *Chang–Williams v. Department of the Navy*, 766 F. Supp. 2d 604, 608 (D. Md. 2011) (citing 28 U.S.C. § 2679(a)) (internal citations omitted). In its Motion to Dismiss, the United States substitutes itself for HUD, stating that "the United States of America, substituted for HUD as the sole proper party Defendant under the Federal Tort Claims Act (28 U.S.C. § 1346(b)), respectfully requests that the Court grant this motion . . ." ECF No. 8 at 1. Therefore, the Court will instruct the Clerk to substitute United States of America ("the United States") for Defendant HUD.

## I.     BACKGROUND

Vincent Jones purchased a single-family dwelling located at 4635 Bridgemount Place, La Plata, MD 20646 on July 2, 2015[2] with Demetria Weir acting as his broker. ECF No. 8-3 at 1.[3] The HUD Property Condition Report stated that the A/C units on the property were inoperable. ECF No. 2 at 2; ECF No. 8-2 at 28.[4] Between the sales date and date of closing, the A/C units were stolen from the property. ECF No. 2 at 2. HUD initially declined to provide a credit to Plaintiffs, but eventually offered a $1,000.00 credit. *Id.* The cost to replace the units was $4,900.00. HUD's property management company informed Plaintiffs that HUD would not replace the units because the units, which were 8 years old or newer, were "inoperable when energized." *Id.*

A few weeks after the "A/C issue," Plaintiffs also discovered "severe ceiling water leaks" on the property when the water was tested. *Id.* The Property Inspection Report, which had been provided previously, stated there were "no water leaks in the property." *Id.* The water leak repairs and damages cost $5,300.00. *Id.* HUD provided Plaintiffs a $3,500.00 credit. *Id.* Therefore, between replacing the A/C units and repairing the water damage, Plaintiffs allegedly incurred a total of $4,900.00 after subtracting credits received from HUD.

On January 12, 2016, Plaintiffs filed the instant *pro se* Complaint in the District Court of Maryland for Charles County, seeking damages for the home repairs and inaccurate representations in the Property Inspection Report. ECF No. 2. Defendant removed the action to this Court on March 11, 2016. ECF No. 1. Defendant filed a Motion to Dismiss or in the

---

[2] The sales contract was accepted by HUD on July 14, 2015. ECF No. 8-3 at 1.
[3] In addressing a Motion to Dismiss, the Court may "properly taken judicial notice of matters of public record," such as land records, and may consider documents attached to the Motion(s) to Dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).
[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Alternative for Summary Judgment on April 15, 2016. ECF No. 8. Plaintiffs filed a Response on July 1, 2016. ECF No. 11. Defendant filed its Reply on July 8, 2016. ECF No. 12.

## II.    STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve,* 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd,* 85 F. App'x 960 (4th Cir. 2004). Once a challenge is made to subject matter jurisdiction, Plaintiffs bear the burden of proving that subject matter jurisdiction exists. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir. 1999); *see also Ferdinand–Davenport v. Children's Guild,* 742 F. Supp. 2d 772, 777 (D. Md. 2010).

The Court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans,* 166 F.3d at 647. In ruling on a motion to dismiss under Rule 12(b)(1), the Court "should regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Ferdinand–Davenport,* 742 F. Supp. 2d at 777 (quoting *Evans,* 166 F.3d at 647); *see also Richmond, Fredericksburg & Potomac R.R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

## III.    ANALYSIS

Plaintiffs' Complaint does not specify a legal cause of action. However, the Court must construe pleadings of *pro se* litigants liberally. *See Moyo v. United States*, No. CIV.A. ELH-12-1857, 2013 WL 762971, at *3 (D. Md. Feb. 26, 2013) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Thus, Plaintiffs' claims shall be construed as claims arising under the Federal Tort

Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, and 2671–2680. *See id.*; *Milton v. U.S. Dep't of Hous. & Urban Dev.*, No. CIV 09-2226JNE/FLN, 2010 WL 1486498, at *2 (D. Minn. Mar. 19, 2010) (construing negligent home inspection claim against HUD as claim under FTCA).[5]

### A. Exhaustion

The FTCA requires that a claimant first exhaust administrative remedies with the appropriate federal agency before pursuing a claim in federal court. Section 2675 of the FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). A claim is properly presented when the federal agency whose activities gave rise to the claim "receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). This administrative exhaustion requirement is jurisdictional and may not be waived. *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994). Thus, "failure to file an administrative claim warrants dismissal of [the] Complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction." *Derricott v. Koch*, No. CIV. DKC 14-3234, 2015 WL 4459962, at *3 (D. Md. July 20, 2015), *report and recommendation adopted*, No. CIV.A. DKC 14-3234, 2015 WL 4647800 (D. Md. Aug. 4, 2015).

---

[5] In Plaintiffs' Opposition, Plaintiffs state without explanation that "'Tort' may not be the right choice for law suit filing. Plaintiffs will correct and update prior to May 13, 2016 if necessary." ECF No. 11. Plaintiffs have not provided any further argument as to why "tort may not be the right choice" or why the Federal Tort Claims Act would not otherwise apply.

4

Defendant contends that the action should be dismissed for failure to exhaust administrative remedies because Plaintiffs did not first file an administrative claim with HUD. ECF No. 8-1 at 7. To that end, Defendant attaches the Declaration of Miniard Culpepper, the Regional Counsel for the New England Region for the United States Department of Housing and Urban Development. ECF No. 8-6 at 1. In this capacity, Mr. Culpepper is "responsible for supervising the review and processing of all tort claims filed with the United States Department of Housing and Urban Development pursuant to the Federal Tort Claims Act." *Id.* Mr. Culpepper attests that based on a search of his files, Plaintiffs have not filed a claim for injury or damages with HUD. *Id.*

In their response in opposition, Plaintiffs do not allege that they submitted a claim to HUD or attach documentary evidence indicating that a claim was filed, but state only that "Ms. Weir worked tirelessly to try and resolve this issue with HUD by contacting HUD's complaint line, HUD employees, and Ofori & Associates (HUD's asset management company) multiple times without a fair result." ECF No. 11 at 2. Because Plaintiffs have not provided the Court with any information as to the content of these communications, the Court cannot determine whether the necessary information was submitted for exhaustion purposes. *See* 28 C.F.R. § 14.4 (describing the information to be submitted in administrative claims under FTCA). Thus, as Plaintiffs have failed to exhaust their administrative remedies with the U.S. Department of Housing and Urban Development as required by law, the Court must dismiss their claims.

### B. Sovereign Immunity

Defendant makes the additional argument that Plaintiffs' claim should be dismissed on grounds of sovereign immunity. *See* ECF No. 8 at 8–9. The FTCA operates as a partial waiver of the Government's sovereign immunity. *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18

5

(2008). However, the provisions of the FTCA do not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h); *see also McKeel v. United States*, 178 F. Supp. 2d 493, 504 (D. Md. 2001) (noting that Section 2680(h) "applies to claims arising out of negligent, as well as intentional, misrepresentation").

Here, Plaintiffs allege that "the property condition report was clearly inaccurate and not reputable to begin with" and "the person(s) who completed the report were not accurate in claims of the condition of the said property, and as a result of their negligence, all repairs and replacements in this matter should be addressed accordingly." ECF No. 2 at 2. Thus, Plaintiffs' claims are "grounded in the tort of misrepresentation" and "[t]he jurisdictional grant provided by the FTCA . . . does not extend to claims arising out of misrepresentation or deceit." *Huff v. U.S. Dep't of Army*, 508 F. Supp. 2d 459, 465 (D. Md. 2007). Federal courts handling similar misrepresentation claims against HUD have held that sovereign immunity bars suit. *See Dragoiu v. United States*, No. 10-11896, 2013 WL 119995, at *7 (E.D. Mich. Jan. 9, 2013) (holding that plaintiffs' claim that HUD withheld or concealed information about water damage and mold fell "squarely within the misrepresentation exception in the FTCA"); *Milton v. U.S. Dep't of Hous. & Urban Dev.*, No. CIV 09-2226JNE/FLN, 2010 WL 1486498, at *2 (D. Minn. Mar. 19, 2010) (finding that plaintiff's claim that "the property she purchased from HUD had previously been used as a methamphetamine lab" fell into the misrepresentation exception, and suit was barred by sovereign immunity); *Stumpp v. Sec'y, U.S. Dep't of Hous. & Urban Dev.*, No. CIV.A. 04-4502, 2005 WL 146882, at *2 (E.D. Pa. Jan. 21, 2005) (claim about defective water pipe barred by sovereign immunity). Accordingly, Plaintiffs' claims are dismissed, with prejudice, on the additional basis of sovereign immunity.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 8, is granted. A separate Order shall issue.

Date: February 2, 2017

George J. Hazel
United States District Judge